[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Myers,* Slip Opinion No. 2016-Ohio-2812.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-2812

IN RE APPLICATION OF MYERS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Myers,* Slip Opinion No. 2016-Ohio-2812.]**

*Attorneys—Character and fitness—Failure to cooperate in character-and-fitness investigation—Application denied—Applicant may reapply.*

(No. 2015-0539—Submitted June 10, 2015—Decided May 5, 2016.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 570.

_____

**Per Curiam.**

{¶ 1} Applicant, Andrew Albert Myers, is a candidate for admission to the practice of law in Ohio. The Board of Commissioners on Character and Fitness recommends that we disapprove his application because he failed to appear for proceedings conducted to assess his character, fitness, and moral qualifications to practice law. On review, we accept the board's recommendation to disapprove Myers's application.

**{¶ 2}** Myers initially applied to take the February 2013 bar examination but failed to receive final approval of his character and fitness in time to take that test. He subsequently reapplied to take the July 2013 exam. The admissions committee of the Cincinnati Bar Association reviewed Myers's application and interviewed him. Despite some concerns about his debts and his admission that he lied to a former employer about completing an assignment, the admissions committee found that he possessed the character, fitness, and moral qualifications required for admission to the practice law and recommended that his character and fitness be approved.

**{¶ 3}** The board reviewed Myers's application and determined, however, that his work history with the employer to whom he lied and his neglect of financial responsibility warranted further review of his character and fitness.

**{¶ 4}** Accordingly, pursuant to Gov.Bar R. I(10)(B)(2)(e) and the board's sua sponte investigatory authority, the board appointed a panel to conduct a hearing on Myers's character, fitness, and moral qualifications to practice law. The panel chair attempted to contact Myers several times by e-mail in an attempt to schedule a prehearing telephone conference but received no response. The chair eventually reached Myers and scheduled the conference for September 20, 2013. During the conference, the panel chair granted Myers's request to continue the hearing so that he could have additional time to address certain issues relevant to his character and fitness. Another prehearing telephone conference was held on April 14, 2014, at which Myers again requested and was granted additional time. After a few months, in an attempt to schedule the hearing, the panel chair sent Myers two e-mails and a certified letter, which was signed for. Though the letter advised Myers that failure to respond could result in a recommendation from the panel that his character and fitness be disapproved, he did not respond. The director of bar admissions also attempted to contact Myers by telephone several times but was unsuccessful.

**{¶ 5}** The panel found that Myers failed to cooperate in the investigation, and it recommended that his application be disapproved. The board adopted the panel's recommendation.

**{¶ 6}** We have reviewed the board's report and the record, and we agree that Myers has not demonstrated the requisite character, fitness, and moral qualifications under Gov.Bar R. I(11) to be admitted to the bar. Myers's failure to appear for a hearing is sufficient grounds for disapproving his application. *See* Gov.Bar R. I(12)(C)(6) (failure to fully cooperate in the character-and-fitness investigation may be grounds for a recommendation of disapproval).

**{¶ 7}** We therefore accept the board's recommendation to disapprove Myers's application. Myers may reapply for admission to the practice of law in Ohio by (1) filing an application to register as a candidate for admission to the practice of law and an application to take the bar examination and (2) upon reapplication, undergoing a complete character-and-fitness investigation, including an investigation and report by the National Conference of Bar Examiners, in order to determine whether he possess the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Andrew A. Myers, pro se.

Robert F. Brown, for the Cincinnati Bar Association.

_____