**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Washington,* Slip Opinion No. 2018-Ohio-12.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-12

IN RE APPLICATION OF WASHINGTON.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Washington,* Slip Opinion No. 2018-Ohio-12.]**

*Attorneys—Character and fitness—Inaccurate recording of work hours during internship—Pending application to register as candidate for admission to practice of law disapproved—Reapplication permitted.*

(No. 2017-1137—Submitted October 17, 2017—Decided January 3, 2018.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 659.

_____

**Per Curiam.**

{¶ 1} Applicant, Brianna Lynn Washington, of Columbus, Ohio, applied to register as a candidate for admission to the practice of law in Ohio in November 2015.  At the time, she was a student at Capital University Law School.

{¶ 2} A two-member admissions committee interviewed Washington, and in March 2016, it issued a preliminary report recommending that her character and

fitness be approved. But when the Board of Commissioners on Character and Fitness reviewed the application, it noted that Washington had been dismissed from an internship with the Ohio Department of Administrative Services ("DAS") due to discrepancies on her timesheets. Citing concerns about Washington's honesty and integrity, the board invoked its sua sponte investigatory authority under Gov.Bar R. I(10)(B)(2)(e).

{¶ 3} On December 19, 2016, a panel of the board conducted a hearing. The panel found that Washington had engaged in two isolated incidents of dishonesty involving the inaccurate recording of work hours during her DAS internship but recommended that she be permitted to sit for the Ohio bar examination. On February 6, 2016, however, the board remanded the matter to the panel for further investigation.

{¶ 4} On May 11, 2017, the panel conducted a second hearing, during which it heard testimony from the human-resources administrator at DAS and two DAS employees who supervised Washington during her internship. According to their testimony, on four occasions, Washington's supervisors observed her arriving or leaving for the day at a time different from the time recorded on her timesheet. Although Washington did not testify at the second hearing, she had definitively testified during the first panel hearing that the inaccurate recordkeeping occurred on two occasions.

{¶ 5} On June 5, 2017, the panel issued a supplemental report and recommendation. The panel described the evidence adduced at the second hearing and noted the inconsistency between the DAS employees' testimony and Washington's testimony at the first hearing. In addition, the panel emphasized Washington's nonresponsiveness after the first hearing. The panel had attempted to contact Washington five times between the first and second hearing—via certified mail, e-mail, and voicemail—but she never responded, and she did not appear at the second hearing. Citing this complete failure to communicate or to

2

cooperate in the proceedings after the first hearing, the panel recommended that we disapprove Washington's pending application but permit her to reapply in the future.

{¶ 6} The board adopted the panel's findings of fact and recommendation. There are no objections to the board's report or recommendation.

{¶ 7} We have reviewed the board's report and the record, and we agree that Washington has not yet demonstrated the requisite character, fitness, and moral qualifications under Gov.Bar R. I(11) for admission to the practice of law. An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). The applicant's record must justify "the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them." Gov.Bar R. I(11)(D)(3). "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." *Id.*

{¶ 8} By inaccurately reporting time worked on her timesheets at DAS, Washington misrepresented to her employer, the state of Ohio, the number of hours she had worked and sought to be compensated for hours she had not worked. *See* Gov.Bar R. I(11)(D)(3)(h) and (i) (false statements and acts involving dishonesty, fraud, deceit, or misrepresentation may be grounds for denying an application). And, more importantly, when Washington stopped responding to communications from the board after her first hearing and failed to even appear at her second hearing, she demonstrated a lack of cooperation in the character-and-fitness investigation. Washington's failure to appear is itself sufficient grounds for disproving her application. *See* Gov.Bar R. I(12)(C)(6) (failure to fully cooperate in the character-and-fitness investigation may be grounds for a recommendation of disapproval); *In re Application of Myers*, 147 Ohio St.3d 32, 2016-Ohio-2812, 59 N.E.3d 1266 (finding that applicant failed to demonstrate the requisite character,

fitness, and moral qualifications for admission to the bar when, after continuing his hearing twice, the applicant failed to respond to any of the panel's repeated efforts to contact him to reschedule).

**{¶ 9}** Given these facts, we agree with the board that Washington has failed to carry her burden of proving by clear and convincing evidence that she possesses the requisite character, fitness, and moral qualifications for admission to the bar at this time. However, consistently with the board's recommendation, we will permit Washington to file a new application to register as a candidate for admission to the practice of law and to apply to take the July 2018 bar exam. Upon reapplication, Washington will be required to undergo a complete character-and-fitness investigation, including an investigation and report by the National Conference of Bar Examiners, and demonstrate that she possesses the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio.

Judgment accordingly.

KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

O'DONNELL, J., dissents, with an opinion joined by O'CONNOR, C.J.

_____

**O'DONNELL, J., dissenting.**

**{¶ 10}** Respectfully, I dissent.

**{¶ 11}** I would permit this applicant to apply for the July 2019 bar exam.

O'Connor, C.J., concurs in the foregoing opinion.

_____

Brianna Lynn Washington, pro se.

William L. Loveland, for the Columbus Bar Association.

_____