**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Bonds,* Slip Opinion No. 2020-Ohio-635.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-635

IN RE APPLICATION OF BONDS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Bonds,* Slip Opinion No. 2020-Ohio-635.]**

*Attorneys—Character and fitness—Application to register as candidate for admission to practice of law—Cheating on bar exam—Failure to disclose past criminal conduct—Applicant permanently barred from reapplying for admission to practice of law.*

(No. 2019-1098—Submitted October 2, 2019—Decided February 27, 2020.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 734.

_____

**Per Curiam.**

{¶ 1} Applicant, Roy Joseph Bonds, of Brunswick, Ohio, is a 2016 graduate of the Cleveland-Marshall College of Law. He took the Ohio bar exam in February 2017, July 2017, and February 2018, but he failed each time.

**{¶ 2}** Bonds took the bar exam again in July 2018. Following a two-day hearing held in October 2018, the Board of Bar Examiners issued a report disqualifying Bonds's July 2018 bar exam based on findings that he had cheated on the exam. In January 2019, the Board of Commissioners on Character and Fitness ("the board") sua sponte exercised its investigatory authority conferred by Gov.Bar R. I(10)(B)(2)(e) to investigate Bonds's actions at the July 2018 bar exam and his failure to disclose a May 2017 theft charge on his reexamination applications. The secretary of the board appointed a three-member panel to hear the matter.

**{¶ 3}** Bonds did not respond to the panel chairperson's attempts to communicate by telephone, e-mail, and certified mail (that was signed for by a Tamara Bonds). Nor did he appear at the May 31, 2019 hearing—during which the panel heard testimony from the director of this court's Division of Attorney Services and admitted 24 exhibits.

**{¶ 4}** Following that hearing, the board issued a report recommending that we find that Bonds failed to carry his burden of proving that he possesses the requisite character, fitness, and moral qualifications to practice law and that we permanently bar him from reapplying for admission to the practice of law in Ohio. For the reasons that follow, we adopt the board's recommendations.

**Facts**

**{¶ 5}** At the panel hearing, Gina White Palmer, Director of the Division of Attorney Services, Supreme Court of Ohio, testified that the vast majority of people who sit for the Ohio bar exam elect to use laptop computers to answer the essay questions on the Tuesday and Thursday of the exam—as Bonds did during each of his four exams. In July 2018, Palmer administered the exam and gave instructions from a raised platform centered among the test takers. In addition, written instructions were placed at each test taker's desk. The written instructions included the passwords necessary to launch ExamSoft's Examplify test-taking software.

{¶ 6} On Tuesday afternoon, July 24, the test takers received six essay questions in pairs, which they answered in three separate 60-minute sessions. When each hour ended, Palmer called time, instructed the test takers to stop writing or typing, and provided instructions on how to exit the Examplify program. At the end of the first and second hours, she also instructed the test takers when to relaunch the program to answer the next pair of questions. The test takers had no access to the Internet during the exam and were instructed to upload their answers after leaving the exam site by 10:00 that evening.

{¶ 7} On Wednesday morning, July 25, Bonds approached Palmer before the start of the exam and told her that on Tuesday evening, he had difficulty uploading his answers from the afternoon. He explained that his screen went black and that when it reappeared, he could see his answers to questions one and two. He was concerned because his answer to question two appeared more like an outline than a complete answer. Bonds said nothing about questions three through six, but he told Palmer that he eventually had been able to upload his answers and that he had received a confirmation e-mail.

{¶ 8} Palmer found Bonds's account to be suspicious because once a test taker exits the Examplify program, the user's screen displays the message, "You are closing your exam!" Then, when the test taker reenters the program to upload his answers in the evening, the computer screen displays a list of the questions to be uploaded on a bluish background—but the text of the answers is not visible.

{¶ 9} Based on the irregularities Bonds had reported, Palmer directed her staff to obtain records from ExamSoft—which tracks every keystroke a test taker makes while working in Examplify and preserves periodic screen shots of the test taker's work. Those records—which are part of the record in this case—overwhelmingly demonstrate that Bonds failed to follow the rules and instructions during the July 2018 bar exam. Specifically, they show that Bonds failed to exit Examplify when instructed to do so at the expiration of time for questions one and

two on Tuesday, July 24. Instead, he kept the file for those questions open and typed into that file the ExamSoft passwords and his own summaries of exam questions three through six. At the end of the third hour, he failed to comply with Palmer's instruction to exit Examplify and instead put his computer into sleep mode before leaving the exam site. From a remote location that evening, he resumed the exam, deleted the passwords and summaries, and began typing answers. At 7:04 p.m., Examplify was forced to close when the system detected an anomaly between the time kept by the software and the time kept by Bonds's computer. Bonds reentered the program at 7:13 p.m., closed the file for questions one and two, and uploaded it at 7:17 p.m. He continued to work on the four remaining questions and uploaded the last of the remaining files to the Internet by 9:57 p.m.

{¶ 10} Palmer testified that after learning of the irregularities contained in Bonds's ExamSoft report, she searched for his name on Google and discovered a news article reporting that Bonds had been charged with theft in May 2017. After conducting additional research, Palmer confirmed that Bonds was convicted of unauthorized use of property in the Brunswick Mayor's Court on May 31, 2017, and that the name, date of birth, and address for the defendant in that case matched the information on file for Bonds in the Office of Bar Admissions. Palmer then reviewed Bonds's past applications for reexamination and noted that just days after he committed that offense, he signed his application for reexamination for the July 2017. On that application, he denied having exhibited any conduct or behavior since his application to take the February 2017 bar exam that could call into question his ability to practice law in a competent, ethical, and professional manner and swore that his answers were complete and true. He also failed to disclose his May 2017 conviction on the reexamination applications that he submitted for the February and July 2018 bar exams.

**Disposition**

**{¶ 11}** An applicant for admission to the Ohio bar bears the burden of proving by clear and convincing evidence that the applicant possesses the requisite character, fitness, and moral qualifications for admission to the practice of law. Gov.Bar R. I(11)(D)(1). An applicant may be approved for admission if the applicant satisfies the essential eligibility requirements for the practice of law as defined by the board and demonstrates that the applicant's record of conduct justifies the trust of clients, adversaries, courts, and others. Gov.Bar R. I(11)(D)(3). An applicant's failure to provide requested information or to otherwise cooperate in proceedings before the board, however, constitutes sufficient grounds for disapproval. Gov.Bar R. I(12)(C)(6). We have held that an applicant's failure to appear for a character-and-fitness hearing, as Bonds did in this case, constitutes sufficient grounds for disapproval of an application. *In re Application of Myers*, 147 Ohio St.3d 32, 2016-Ohio-2812, 59 N.E.3d 1266, ¶ 6.

**{¶ 12}** A record that manifests a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may also constitute grounds for disapproval. Gov.Bar R. I(11)(D)(3). The factors to be considered in making a recommendation as to an applicant's character, fitness, and moral qualifications include whether the applicant has (1) engaged in a pattern of disregarding the law, (2) failed to provide complete and accurate information concerning the applicant's past, (3) made false statements, including omissions, or (4) engaged in acts involving dishonesty, fraud, deceit, or misrepresentation. *See* Gov.Bar R. I(11)(D)(3)(f) through (i).

**{¶ 13}** Here, the board found that Bonds engaged in a pattern of dishonesty and criminal conduct that began with a delinquency adjudication for unauthorized use of a motor vehicle in 1994. The pattern continued with Bonds's conviction for petty theft in 1997, a second petty theft charge in 2014 (while Bonds was in law school) that was dismissed after Bonds completed a diversion program, and the

May 2017 unauthorized-use-of-property conviction that Bonds failed to disclose on his reexamination applications. Bonds's dishonest conduct culminated with his cheating on the July 2018 bar exam and lying to Palmer about that conduct. Bonds did not cooperate in the admissions process after he failed to persuade the Board of Bar Examiners that he had done nothing wrong, and he has never acknowledged his wrongdoing.

{¶ 14} On these facts, we agree with the board's finding that Bonds has failed to carry his burden of proving by clear and convincing evidence that he currently possesses the requisite character, fitness, and moral qualifications to practice law in Ohio. Because Bonds's dishonest conduct spanned a period of nearly 25 years, included a pattern of failing to provide complete and accurate information regarding his past, and involved a complex scheme to cheat on the July 2018 bar exam for which Bonds has failed to accept responsibility, we find no reason to believe that he will acquire the requisite character, fitness, and moral qualifications in the future.

{¶ 15} Accordingly, we find that Bonds does not possess the requisite character, fitness, and moral qualifications required for admission to the Ohio bar and forever bar him from reapplying for the privilege of practicing law in Ohio.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Roy Joseph Bonds, pro se.

Lori J. Brown, special investigator for the Supreme Court Board of Commissioners on Character and Fitness.

_____